# Case No. 1,489.

## BLAISDELL v. DOWS.

### [4 Ban. & A. 499.][1]

Circuit Court, D. Massachusetts. Sept., 1879.

PATENTS—VALIDITY — FORCE OF PRIOR DECISION.

The validity of a patent which has been once upheld by the court must be taken for granted, on a motion for a preliminary injunction, in another suit for the infringement of the same patent, unless some new evidence, not accessible before, or some other reason for doubting the soundness of the result reached in the former case, is brought forward.

---

[1] [Reported by Hubert A. Banning, Esq., and Henry Arden, Esq., and here reprinted by permission.]

[3] [From 6 N. B. R. 78.]

[In equity. Bill by John H. Blaisdell against Gustavus D. Dows for infringement of letters patent. Temporary injunction granted.]

T. W. Clarke, for complainant.

D. B. Gore, for defendant.

LOWELL, Circuit Judge. The validity of Blaisdell's patent to the extent of certain narrow claims having been upheld by this court [in Blaisdell v. Tufts, Case No. 1,491], must be taken for granted in deciding this motion, unless some decidedly new evidence, not accessible before, or some other reason for doubting the soundness of the result reached in the former case, is brought forward. The defendant will have every opportunity for contesting all questions, but the prima facie case on this point is with the plaintiff.

I think the apparatus of Dows, made under his patent of 1864, is within the fourth claim of Blaisdell's patent of 1863, his cup being, so far as I can see, a movable diaphragm operating substantially like the fixed diaphragm, U, of the patent.

Temporary injunction granted.

[NOTE. Patent No. 40,811 was granted to J. H. Blaisdell, December 8, 1863. For another case involving this patent, see note to Blaisdell v. Tufts, Case No. 1,491.]